UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ALEXIS Z. POPE, b/n/k and )
administrator ad litem for the Estate of )
Fawn Zanette Branham, )
)
)
Plaintiff, )
)
v. ) No. 1:21-CV-00159-TAV-SKL
)
BRADLEY COUNTY, TENNESSEE, *et al.*, )
)
)
Defendants. )

**REPORT AND RECOMMENDATION**

Plaintiff Alexis Pope ("Plaintiff"), through counsel, filed this civil rights action following the death of Fawn Branham ("Branham"). Branham died on August 20, 2018, while being detained pretrial at the Bradley County Justice Center. Plaintiff is the administrator of Branham's estate. After Plaintiff failed to respond to motions to dismiss, the Court entered a Memorandum Opinion and Order dismissing the moving defendants on July 19, 2022 [Doc. 24 ("July 19 Order")]. On the same day, the Court issued another Order requiring Plaintiff to provide evidence, by August 2, 2022, that the remaining (i.e., non-moving) defendants were served with process in compliance with Rule 4 of the Federal Rules of Civil Procedure [Doc. 25]. To date, no such evidence has been provided by Plaintiff.

On August 25, 2022, new counsel entered an appearance on behalf of Plaintiff [Doc. 26]. On the same day, Plaintiff filed a motion to set aside the July 19 Order [Doc. 28 (motion) & Doc. 29 (supporting brief)] and a motion to amend her complaint [Doc. 27]. Defendants Bradley County, Eric Watson, James Bradford, Gabe Thomas, Paula Smith, and R. Rankin ("Bradley

County Defendants") filed responses in opposition to Plaintiff's motion to set aside the Court's July 19 Order [Doc. 30 & Doc. 31], and in opposition to Plaintiff's motion to amend [Doc. 32 & Doc. 33]. Defendants Nurse Sandra Kenjerski, LPN Charquette Nelson, and Dr. Johnny Bates ("Medical Defendants," and together with the Bradley County Defendants, "Defendants") filed a response in opposition to Plaintiff's motion to set aside [Doc. 34], and a notice that they joined in the Bradley County Defendants' response to Plaintiff's motion to amend [Doc. 35]. The Bradley County Defendants also joined in the Medical Defendants' response in opposition to Plaintiff's motion to set aside the July 19 Order [Doc. 36]. Plaintiff filed one reply in support of both of her pending motions [Doc. 40].

Plaintiff's motions to set aside and amend were referred pursuant to 28 U.S.C. § 636 [Doc. 38]. Plaintiff's motions are now ripe. No party has asked for a hearing on the motions and I find a hearing is not necessary. For the reasons set forth herein, I recommend that Plaintiff's motion to set aside and motion to amend both be granted.

I. BACKGROUND

The July 19 Order meticulously details Plaintiff's factual allegations, which need not be repeated herein. Suffice it to say that Branham arrived at the Bradley County Justice Center on August 14, 2018, and was detained on a failure to appear charge. According to Plaintiff's complaint, on August 20, 2018, after a nearly week-long ordeal, Branham died. Thereafter, Plaintiff retained the services of attorney John Wolfe, Jr. ("Attorney Wolfe").

With Attorney Wolfe's assistance, Plaintiff filed a number of lawsuits related to Branham's death, including three lawsuits in Bradley County state courts [*see* Doc. 28-1 at Page ID # 308]. The first state court lawsuit was filed August 16, 2019, alleging violations of Branham's rights under the Eighth and Fourteenth Amendments to the United States Constitution [*see id.*]. The

second state court lawsuit was filed December 16, 2019, alleging medical malpractice and government tort liability [*see* Doc. 34-2]. That case was removed to federal court but subsequently remanded on July 6, 2020. *See* Doc. 12 in Case No. 1:20-cv-00138-TAV-SKL (judgment order remanding case to Bradley County Circuit Court). The third state court lawsuit was filed on July 12, 2021, the same date as the case at bar, again alleging violations of Branham's constitutional rights. According to the Medical Defendants, the complaint in the third state court case is "virtually identical" to the complaint in the instant case [Doc. 34 at Page ID # 370]. It appears that all three state court lawsuits are still pending, with undecided motions to dismiss filed by the various defendants in each case [*see* Doc. 28-1 at Page ID # 309].

Plaintiff first filed suit in this Court on August 14, 2019, Case No. 1:19-cv-230-TAV-SKL. The parties stipulated to dismissal of that case on July 10, 2020 [Doc. 66 in Case No. 1:19-cv-00230-TAV-SKL]. Plaintiff filed this case on July 12, 2021. The Bradley County Defendants filed their motion to dismiss on December 20, 2021 [Doc. 13] and the Medical Defendants filed their motion to dismiss on January 19, 2022 [Doc. 19]. At Plaintiff's request, the Court extended Plaintiff's deadline to respond to both motions to dismiss to June 16, 2022.[1]

Attorney Wolfe reportedly stopped communicating with Plaintiff at some point, despite Plaintiff's numerous attempts to get in touch with him. Plaintiff retained new counsel ("Attorney

---

[1] Shortly after the Bradley County Defendants filed their motion to dismiss, Plaintiff filed a motion [Doc. 17] requesting that the motion to dismiss be stricken because the Bradley County Defendants allegedly failed to meet and confer before filing the motion to dismiss, or in the alternative, requesting an extension of time to respond to the motion to dismiss. On May 26, 2022, the Court entered an Order [Doc. 23] denying Plaintiff's request to strike but granting Plaintiff's request for an extension and applying the requested extension to both pending motions to dismiss. Thus, while the Bradley County Defendants are correct that their motion to dismiss was pending for "over two-hundred (200) days before the Court granted the same" [Doc. 33 at Page ID # 362], Plaintiff's motion to strike or extend her time to respond to the motion(s) to dismiss was pending for the majority of that time.

Weiss") on June 22, 2022. In Attorney Weiss's sworn affidavit, he states Plaintiff informed him that she had not communicated with Attorney Wolfe in some time and did not know the status of the lawsuits [Doc. 28-1 at Page ID # 307]. Plaintiff further informed Attorney Weiss that there "may be a court hearing in the state court matter," which turned out to be set for six days later, on June 28, 2022 [*id.*]. Attorney Weiss indicates he understood there was also a federal court lawsuit, but initially he was not aware there were pending motions to dismiss or that Plaintiff already had missed the June 16 deadline to respond to those motions [*id.*].

In any event, Attorney Weiss turned his attention to the state court cases. He proceeded by requesting a telephonic status conference, which appears to have resulted in a continuance of the June 28 state court hearing. According to the Medical Defendants, during the conference, Attorney Weiss indicated he would "be taking over Plaintiff's representation in the federal case and would be entering a Notice of Appearance in the near future." [Doc. 34 at Page ID # 372]. The attorneys corresponded via email about this case on July 14 and 15. Attorney Weiss then reviewed the docket of this case for the first time "on or about Friday, July 15, 2022" [*see* Doc. 28-1 at Page ID # 309], but he did not enter an appearance until over a month later on August 25, 2022 [Doc. 26]. Meanwhile, without the benefit of a response from Plaintiff, the Court entered its July 19 Order granting both motions to dismiss. That same day, the Court also entered an Order requiring Plaintiff to demonstrate she had properly served the remaining defendants or risk their dismissal from the case. Her deadline to show service was August 2, 2022, but she did not do so. Attorney Weiss did not receive electronic notice of these Orders because he had not yet entered an appearance in this case.

On August 25, when Attorney Weiss entered an appearance in this case, he also filed the instant, referred motions. To date, Attorney Wolfe remains counsel of record for Plaintiff along

4

with Attorney Weiss and Plaintiff still has not demonstrated that she has properly served the remaining defendants.

## II.     STANDARDS

### A. Rule 60(b)[2]

Federal Rule of Civil Procedure 60(b) enumerates the grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). The standard for a Rule 60(b) motion is as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[2] All parties cite to Federal Rule of Civil Procedure 60(b) in connection with Plaintiff's motion to set aside. It is a "well-established rule that Rule 60(b) applies only to final, appealable judgments." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) (citations omitted); *see also Guy v. Lexington-Fayette Urban Cnty. Gov't*, 624 F. App'x 922, 930 n.7 (6th Cir. 2015) (noting that the "strictures of Rule 60(b) do not apply when district courts use their 'inherent power to reconsider interlocutory orders . . . before entry of final judgment."); *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016) ("Although the dismissal of claims against some but not all the defendants would not ordinarily constitute a final judgment, the district court has certified all three orders of dismissal that are the subject of this second appeal as a final judgment under Fed. R. Civ. 54(b)."). The parties do not address whether Rule 60(b) applies given that there are still claims pending against the potentially unserved but remaining defendants. *See* Fed. R. Civ. P. 54(b). Nevertheless, the United States Court of Appeals for the Sixth Circuit has approved application of Rule 60(b) standards (versus the less stringent standards of Rule 54(b)) when the Rule 60(b) standards are advocated by the movant. *Guy*, 624 F. App'x at 930 n.7. As the parties all argue for application of Rule 60(b), and because I find Plaintiff has satisfied Rule 60(b), the Court need not decide whether Rule 60(b) or Rule 54(b) applies.

5

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff relies on subsections (b)(1) and (b)(6) [Doc. 29 at Page ID # 321]. The Sixth Circuit has held that when deciding whether relief is appropriate under Rule 60(b)(1), courts should usually consider three factors: "(1) culpability – that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citation omitted). Typically, a "party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628-29 (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 App'x 452, 457-58 (6th Cir. 2011)). As relevant here, the United States Supreme Court recently held that the term "mistake" in subsection (b)(1) "includes a judge's error of law." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

Subsection (b)(6), which addresses "any other reason" justifying relief, applies "only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). While a court's discretion in ruling on a Rule 60(b)(6) motion is broad, such a motion is only granted in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Finally, relief under any subsection of Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *United States v. 2621 Bradford Drive*, 369 F. App'x 663, 666 (6th Cir. 2010) (citation omitted).

**B. Rule 15**

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Factors relevant in determining whether leave should be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). "The standard for a motion to amend is governed by the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings,' which is in turn moderated by the exception that judges should allow amendment only when doing so does not 'cause prejudice to the defendants' or undue delay." *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732-33 (6th Cir. 2019) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Although leave to amend is ordinarily freely given under Rule 15, an amendment may be denied as futile if the claim sought to be added "could not withstand a Rule 12(b)(6) motion to dismiss." *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993)).[3] A court is prohibited

---

[3] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

7

from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See id.* at 420-21.

## III. ANALYSIS

Plaintiff's position is that the Court applied an incorrect legal standard when deciding the motions to dismiss, and that her failure to respond to the motions was due to excusable neglect. She asks that the Bradley County Defendants and the Medical Defendants be reinstated as parties to the case. Rather than revive the claims against those Defendants in their original form as drafted by Attorney Wolfe, she asks that she be permitted to file an amended complaint.[4] The motions will be addressed in turn.

### A. Motion to Set Aside

Plaintiff's mistake-of-law argument relates to the standard the parties argued, and the Court applied, when analyzing Plaintiff's claim of deliberate indifference to Branham's serious medical needs. As the Medical Defendants acknowledge in their response in opposition to Plaintiff's motion to set aside, recent decisions from the Sixth Circuit modified the long-standing test for such claims set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994).

Under the *Farmer* deliberate-indifference test, a plaintiff was required to establish "two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). As relevant here, the subjective component required a plaintiff to "show that each defendant acted with a mental state 'equivalent to criminal recklessness.'" *Rhinehart v. Scutt*, 894

---

[4] Although Plaintiff's motion to set aside is docketed as if pertaining to both the July 19 Order granting the motions to dismiss and the Order requiring Plaintiff to demonstrate proof of service of process [*see* Doc. 28], Plaintiff's motion does not directly address the service issue and it remains unknown whether the remaining defendants have been served with process. To date, the Court has taken no action with respect to Plaintiff's failure to demonstrate evidence of service of process on the remining defendants.

8

F.3d 721, 738 (6th Cir. 2018) (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)). "This showing requires proof that each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Id.* (quoting *Comstock*, 273 F.3d at 703).

In *Brawner v. Scott County, Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit held that the subjective component required modification in light of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Under the new test set forth in *Brawner*, a plaintiff is only required to show that the defendant knew, or reasonably should have known, of an unjustifiably high risk, and that the defendant's "ignoring this risk was objectively reckless." *See Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). In granting Defendants' motions to dismiss, however, the Court relied on deficiencies in Plaintiff's allegations related only to Defendants' subjective state of mind, applying the pre-*Brawner* standards briefed by Defendants. [Doc. 24 at Page ID # 284 ("Thus, defendants were not 'deliberately indifferent' to Branham's medical needs, and no allegations plausibly demonstrate that defendants knew of any substantial risk to her that they disregarded with a culpable mental state.")].

In their briefing on the instant motions, the Medical Defendants focus on the Court's finding that "[a]t most, plaintiff alleges that defendants were negligent in diagnosing and treating Branham." [Doc. 24 at Page ID # 284]. And it is true, that even post-*Brawner*, "[m]ere negligence is insufficient." 14 F.4th at 596. However, the Medical Defendants do not address the other comments specifically focused on Plaintiff's failure to satisfy the now-defunct requirements of the subjective component of the *Farmer* test.[5] Moreover, all of the cases cited in the parties' briefing

---

[5] The Bradley County Defendants do not address the mistake of law issues.

9

on the motions to dismiss and in the Court's decision apply the *Farmer* test without any *Brawner* modifications. *See Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 728 (6th Cir. 2022) (reversing district court decision analyzing pretrial detainee's failure to protect claim under Eighth Amendment deliberate indifference standard, in light of *Brawner*).

Whether other factors must be considered in the context of a Rule 60(b)(1) motion based on a mistake of law in granting dispositive motions is not entirely clear. *See King v. Comm'r of Soc. Sec.*, 230 F. App'x 476, 482-83 (6th Cir. 2007) (reversing district court's denial of Rule 60(b)(1) motion based on mistake of law, with no discussion of other factors); *Jackson v. Lesatz*, No. 19-2066, 2020 WL 8872444, at *1 (6th Cir. Sept. 30, 2020) ("Because it made a mistake of law, the district court did not abuse its discretion in granting the motion to vacate."); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (holding that "while 'a district court must look to the presence of prejudice to the plaintiff, the existence of a meritorious defense, and the culpability of the conduct' in cases requesting relief from *default* judgment, these factors are not controlling 'where relief is requested from a grant of summary judgment, a decision based on the merits of an action'" (quoting *Rice v. Consol. Rail Corp.*, No. 94-3963, 1995 WL 570911, at *6 (6th Cir. Sept. 27, 1995))). *But see Yeschick*, 675 F.3d at 626-29 (noting factors regarding excusable neglect are "not controlling," but considering them in case where plaintiff failed to respond to discovery and district court "relied upon the facts advanced by the [defendant]" when granting summary judgment). Nevertheless, in the interest of clarity, I will briefly address the other factors.

Defendants assert Attorney Weiss exercised a lack of diligence with regard to entering an appearance and monitoring the electronic filings in this case. True, the Sixth Circuit has held that "parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders

10

Case 1:21-cv-00159-TAV-SKL  Document 41  Filed 10/12/22  Page 10 of 18
PageID #: 442

that they may wish to appeal." *Id.* at 629 (citations omitted). But Attorney Weiss was retained after Plaintiff's responses to the motions to dismiss were due, when multiple lawsuits were pending in state and federal court and Attorney Wolfe was nonresponsive. Defendants contend Attorney Weiss should have requested another extension to respond to the motions to dismiss or taken some other action immediately after being retained, but they do not cite to authority indicating that his failure to do so forecloses the Court from reconsidering the dismissal of Plaintiff's claims under the correct legal standard. And to the extent Defendants rely on Attorney Wolfe's abject failure to respond, courts are "extremely reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *Buck v. U.S. Dep't of Agric.*, 960 F.2d 603, 608 (6th Cir. 1992)). Further, as Plaintiff argues, the Sixth Circuit has held that diligent efforts by new counsel can justify Rule 60(b) relief even where the plaintiff's original counsel engaged in "inexcusable misconduct." *Fuller v. Quire*, 916 F.3d 358, 361 (6th Cir. 1990).

Defendants' frustration at the recent, sudden flurry of activity in this case after they have been dismissed is understandable. But contrary to the Bradley County Defendants' contention, the record does not reflect that Attorney Weiss's failure to note his appearance on the record immediately after being retained was done intentionally to "thwart judicial proceedings," or even with a "reckless disregard for the effect of [his] conduct on those proceedings." *Williams*, 346 F.3d at 613. Rather, Attorney Weiss explains he acted without the benefit of client files from Attorney Wolfe and turned his attention first to the matters that seemed the most urgent based on the information he was given by Plaintiff—who herself had been unable to reach Attorney Wolfe for unknown reasons.

The Bradley County Defendants' reliance on *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002) is misplaced. In that case, the clients relied on mistaken legal advice from their original counsel in crafting their litigation strategy. *Id.* at 595 (holding that Rule 60(b)(1) "does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous"). In this case, by contrast, there is no indication that Attorney Wolfe or Attorney Weiss developed and pursued an intentional but mistaken legal strategy. Rather, it appears that Attorney Wolfe effectively abandoned the case(s) without any notice or communication to Plaintiff or the Court, leaving Plaintiff and Attorney Weiss scrambling.

The Bradley County Defendants further cite *McCurry* as an indication that the Sixth Circuit places "special emphasis on the finality of judgment as an overriding public policy concern." [Doc. 31 at Page ID # 346]. However, no final judgment has been entered in this case, and the case remains pending against some defendants—even if they remain unserved. *See* Fed. R. Civ. P. 54(b). The Court plainly still has jurisdiction to correct any of its prior orders.

*Yeschick*, which the Medical Defendants rely on, is also distinguishable. In that case, counsel for the plaintiff had actively litigated a case, including pursuing an appeal which was decided in the plaintiff's favor. After a change to his email address, the attorney stopped receiving emails regarding electronic filings, and he did not otherwise check the docket of the case for six months, despite being aware of outstanding discovery requests served on him by the defendant. 675 F.3d at 628. Eventually the district court granted summary judgment to the defendant, relying solely on the facts as presented by the defendant. *Id.* at 627. The district court then denied the plaintiff's Rule 60(b) motion. The Sixth Circuit affirmed the district court's determination that "it was 'not reasonable for . . . counsel to assume there were no filings in this case during that specific

six-month period,'" especially considering there were outstanding discovery requests of which the attorney was aware, and the dispositive motion and discovery deadlines expired during that time. *Id.* at 628.

By contrast, in the instant case, Attorney Weiss waited only a matter of weeks after entry of the July 19 Order to file his Rule 60(b) motion, during which time he indicates he was familiarizing himself with the legal and factual issues associated with the multiple pending cases. Throughout this time period, Defendants were aware Attorney Weiss was now representing Plaintiff. Under these circumstances and given Attorney Wolfe's failure to provide Plaintiff or Attorney Weiss with Plaintiff's client files, the delay appears somewhat reasonable.

As for prejudice, Defendants did expend time and resources filing the original motions to dismiss, but they did not address the applicable standard in their filings as addressed above. Moreover, as Plaintiff points out, the parties have not engaged in any discovery or even exchanged initial disclosures [*see* Doc. 40 at Page ID # 426]. As Defendants' motions were argued and decided based solely on the allegations in the original complaint, Defendants have not suffered prejudice due to "expenditure of resources on discovery." *Yeschick*, 675 F.3d at 631; *see also Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) ("Bosch already expended substantial resources conducting discovery, and filing its motion for summary judgment."). Moreover, it is unclear how much effort Defendants expended on this particular case as opposed to the similar or identical state court cases.

Plaintiff now relies on the allegations in her proposed amended complaint to address the "meritorious claim" factor [*see* Doc. 29 at Page ID # 324-25]. The Medical Defendants briefly argue the July 19 Order is consistent with *Brawner* and its progeny even though it relied entirely on the pre-*Brawner* standards [*see* Doc. 34 at Page ID # 380-81], an argument already addressed

13

herein. The Bradley County Defendants do not address the "meritorious claim" factor at all in their response in opposition to Plaintiff's motion to set aside [*see* Doc. 31]. The parties simply do not address this factor in any detail as it pertains to the claims asserted in Plaintiff's original complaint or the other arguments made in the motions to dismiss. Considering Defendants advocated for dismissal based on pleading deficiencies related to the *Farmer*-era subjective prong, I find "there is some possibility" that the outcome of the case would have been different had the correct legal standards been applied. *See Dassault Systemes*, 663 F.3d at 843 (quotation marks and citation omitted) (further explaining that "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious [claim].").

Considering the unusual circumstances of this case, including the fairly recent clarification of the legal standards applicable to Plaintiff's claims, Attorney Wolfe's actions or lack thereof, and Attorney Weiss's imperfect but apparently good faith efforts to take over the multiple pending lawsuits in an orderly fashion, I conclude Plaintiff's motion to set aside has merit and should be granted pursuant to Rule 60(b)(1). As a result, it is unnecessary to consider whether Plaintiff's motion also has merit under Rule 60(b)(6).

Accordingly, I recommend that the motion to set aside be granted.

### B. Motion to Amend

The issues concerning Plaintiff's motion to amend her complaint [Doc. 27] overlap considerably, if not entirely, with the issues concerning Plaintiff's motion to set aside. The Bradley County Defendants' argument boils down to: "Since relief under Rule 60 is unavailable to Plaintiff, the instant motion [to amend] must also fail." [Doc. 33 at Page ID # 358; *see also id.* at Page ID # 365 ("For the reasons set forth in their response to Plaintiff's motion to set aside, Plaintiff cannot escape or set aside the relief afforded Defendants in the Court's order dismissing this lawsuit and

14

Case 1:21-cv-00159-TAV-SKL   Document 41   Filed 10/12/22   Page 14 of 18
PageID #: 446

therefore amendment is futile.  Accordingly, the instant motion must also fail because the filing of the motion to amend will not enable to Plaintiff to 'survive' Defendants' motion to dismiss.")]. As noted above, the Medical Defendants joined in the Bradley County Defendants' response in opposition to Plaintiff's motion to amend [*see* Doc. 35], but did not separately file their own response to the motion to amend.

As I conclude that Plaintiff's motion to set aside the July 19 Order should be granted, Defendants' arguments concerning the motion to amend are essentially moot.  For largely the same reasons addressed above, I find Plaintiff's motion to amend was not filed with undue delay, in bad faith, or with a dilatory motive.  This is Plaintiff's first attempt to amend her complaint in this particular case, so contrary to the Bradley County Defendants' argument, Plaintiff has not repeatedly failed to cure deficiencies in her original complaint.

As for futility, Defendants do not address the merits of the newly proposed claims in any meaningful way.  Moreover, any such arguments are better addressed in the context of a properly-briefed Rule 12(b)(6) motion, or other dispositive motion, rather than based on the Court's conjecture of what the parties' arguments will or might be.  *See McGrew v. Duncan*, 937 F.3d 664, 669 (6th Cir. 2019) ("A party may not present a skeletal argument, leaving the court to put flesh on its bones." (quoting *Ruffin v. Cuyahoga Cnty.*, 708 F. App'x 276, 278 (6th Cir. 2018))).  As such, and considering that leave to amend should be freely given under Rule 15(a)(2), the Court should grant the motion to amend [Doc. 27].  Moreover, this result is consistent with the applicable Rules of Civil Procedure, the interests of justice, and the Court's strong preference that "claims be adjudicated on their merits."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Carrichner v. State Farm Auto. Ins. Co.*, No. 3:19-cv-90, 2020 WL 13555166, at *2 (E.D. Tenn. July 7, 2020) ("As the United States Court of Appeals for the Sixth Circuit has explained, courts

15

Case 1:21-cv-00159-TAV-SKL   Document 41   Filed 10/12/22   Page 15 of 18
PageID #: 447

prefer to resolve disputes on the merits of the claims presented, rather than disposing of cases on procedural or technical grounds." (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010))).

Accordingly, I recommend that the motion to amend be granted.

C. **Other Matters**

If the Court agrees with my recommendation, once the motion to set aside is granted, the motions to dismiss are arguably reinstated for decision applying the correct legal standard. However, the filing of an amended complaint supersedes an original complaint, rendering the original complaint a nullity in the record and rendering a motion to dismiss the original complaint moot. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008) ("[A] prior complaint is a nullity, because an amended complaint super[s]edes all prior complaints[.]" (quotation marks and citation omitted)); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (acknowledging that when a plaintiff files an amended complaint, the "new complaint supersedes all previous complaints and controls . . . from that point forward" (citation omitted)); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint super[s]edes the original complaint, thus making the motion to dismiss the original complaint moot." (citation omitted)); *City of Morristown v. AT&T Corp.*, 206 F. Supp. 1321, 1325, 1340 (E.D. Tenn. 2016) (denying the defendants' motion to dismiss as moot because it addressed the initial complaint rather than the amended complaint). Plaintiff has not yet filed her amended complaint (other than as an exhibit to her motion to amend), but if the Court sets aside the July 19 Order and grants her motion to amend as recommended, the filing of her amended complaint is imminent.

16

Accordingly, upon the filing of Plaintiff's amended complaint, I recommend the reinstated motions to dismiss the original complaint be denied as moot.

Attorney Weiss states that he understands "Attorney Wolfe had medical issues and at least at one point had contracted COVID." [Doc. 28-1 at Page ID # 307]. Attorney Wolfe previously indicated he had been forced to relocate his office and that his assistant, who was familiar with the case, quit to work elsewhere [Doc. 17 at Page ID # 171]. It appears that Attorney Weiss is acting as Plaintiff's sole counsel. Regardless, Attorney Wolfe remains an attorney of record who allegedly is not fulfilling his duties to either his client or the Court in this case. *See* E.D. Tenn. L.R. 83.6; Tenn. Sup. Ct. R. 8, RPC 1.4. Yet, "[w]here a party is represented by multiple counsel of record, an attorney may withdraw, provided the party is still being represented by another attorney of record, upon the filing of a notice of withdrawal." E.D. Tenn. L.R. 83.4(f).

Accordingly, I recommend that Plaintiff be ordered to timely file a proper notice of withdrawal if Attorney Wolfe is no longer representing her in this case as indicated in the motion to set aside.

## IV. CONCLUSION

For the reasons set forth above, I **RECOMMEND**[6] that:

1. Plaintiff's motion to set aside [Doc. 28] be **GRANTED**;
2. Plaintiff's motion to amend [Doc. 27] be **GRANTED** and Plaintiff be **ORDERED** to timely file her amended complaint as

---

[6] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusory and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

a separate docket entry and to properly and timely serve process on the previously unserved, and the newly-named, defendants;

3. Bradley County Defendants' reinstated motion to dismiss [Doc. 13] be **DENIED AS MOOT** upon the filing of Plaintiff's amended complaint;

4. Medical Defendants' reinstated motion to dismiss [Doc. 19] be **DENIED AS MOOT** upon the filing of Plaintiff's amended complaint; and

5. Plaintiff be **ORDERED** to file a proper notice of withdrawal of Attorney Wolfe from this case.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE